# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: S.G. & J.P.**

**No. 13-0349** (Mercer County 11-JA-76 & 77)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's order entered on March 14, 2013, terminating her custodial rights to her children, S.G. and J.P. The West Virginia Department of Health and Human Resources ("DHHR"), by Angela Alexander Walters, its attorney, filed its response. The guardian ad litem, Ryan J. Flanigan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her custodial rights by not adequately considering steps she made toward reunification, that it was clearly in S.G.'s best interest to stay with petitioner, and that her custodial rights to J.P. were wrongly terminated because the child was never adjudicated as an abused or neglected child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition in May of 2011 against Petitioner Mother, the children's respective fathers, and petitioner's then-boyfriend. The petition alleged that petitioner's then-boyfriend physically abused S.G. while J.P. was out of the house staying with his father. In August of 2011, the DHHR amended the petition to allege that petitioner had tested positive for illegal substances and that S.G.'s father had neglected S.G. Petitioner's relationship with her boyfriend had ended by the time the amended petition was filed, so he was dismissed from the proceedings. At the adjudicatory hearing in October of 2011, petitioner stipulated that S.G. was a neglected child due to petitioner's "failure to provide appropriate discipline," but, as evidenced by the transcript of that hearing, the circuit court specifically chose not to adjudicate J.P. as an abused or neglected child. In August of 2012, the circuit court held an emergency hearing after J.P. was treated for burns while under petitioner's care. Petitioner testified that she was told the child hurt himself due to a cap gun misfiring, but that she had no personal knowledge as to what caused the injury. In December of 2012, however, petitioner admitted that she lied about the cause of J.P.'s burns at a hearing. During the hearing, the circuit court stated that petitioner had "zero credibility with this Court," transferred the case to another judge, and ordered petitioner to undergo inpatient substance abuse treatment as a part of her improvement period. In February of 2013, at a dispositional hearing before a different judge, the circuit court ordered petitioner to call a detoxification center twice weekly to attempt

1

to secure a place in their substance abuse program, because she had still not participated in the program, as ordered. In March of 2013, at the final dispositional hearing, the circuit court found that petitioner had not responded to or followed through with a reasonable family case plan or other programs, and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Therefore, by order entered March 14, 2013, the circuit court terminated petitioner's custodial rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court did not adequately weigh the steps she had taken toward reunification and that it was not in the best interest of S.G. to terminate her custodial rights to S.G. The circuit court weighed the steps petitioner made toward reunification against her lack of compliance with court ordered drug abuse treatment. The record indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Likewise, the circuit court had an adequate basis to determine that terminating custodial rights was in S.G.'s best interest due to petitioner's failure to participate in rehabilitative services and follow through with all of her family case plan. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Petitioner Mother was ordered to enroll in substance abuse treatment on December 7, 2012, but

2

had not enrolled by the date of her first dispositional hearing in February of 2013, nor did she enroll by her final dispositional hearing on March 8, 2013. A review of the record supports that petitioner failed to comply with the terms of her post-adjudicatory improvement period for failure to address her substance abuse issues. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Additionally, petitioner argues that her custodial rights to J.P. were improperly terminated because J.P. was never adjudicated an abused child or a neglected child. We agree. West Virginia Code § 49-6-5(a) provides that the DHHR may file a permanency plan "[f]ollowing a determination pursuant to section two [W.Va. Code § 49-6-2] of this article wherein the court finds a child to be abused or neglected." Here, while S.G. was adjudicated a neglected child, J.P. was never adjudicated an abused or neglected child. We hold that the circuit court, therefore, must enter an order adjudicating J.P. to be a neglected or abused child.

For the foregoing reasons, we affirm the portion of the circuit court's order terminating petitioner's custodial rights to S.G., but remand for entry of an order in compliance with the statute for termination of petitioner's custodial rights to J.P.

Affirmed in part and remanded in part.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II